CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 17 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES M. BATES, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 7:11-cv-33 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| STRAWBRIDGE STUDIOS, INC., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Rooted in the aftermath of a previously-settled lawsuit between the parties, this diversity case alleges a lone state law claim of defamation in connection with the defendant's allegedly disparaging remarks about the plaintiffs. It is now before the court on the defendant's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**Factual and Procedural Background**

The following facts are presented in the light most favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In mid-2009, Charles and Donna Bates, the owners of Sight and Sound Studios, sued Strawbridge Studios ("Strawbridge") in state court, alleging breach of contract. According to their complaint, the Bateses had agreed that their photography studio would take photographs at schools in Virginia and North Carolina pursuant to a contractual arrangement with Strawbridge. Both parties claimed that the other had breached the contract.

The case was removed to this court on diversity grounds and was eventually resolved by the parties on May 10, 2010 pursuant to a negotiated settlement agreement (the "Agreement"). See Sight and Sound Studios, Inc. v. Strawbridge Studios, Inc., No. 7:09-cv-338 (W.D. Va. 2009). The Agreement includes the following provision: "The parties agree that neither will say,

write, publish, broadcast, or in any other way participate in negative or disparaging comments about the other."

On November 10, 2010, Strawbridge received a call from Trina LaPrade, who requested the original negative for her daughter's school photo from the previous year. LaPrade spoke with Strawbridge's customer service representative, who told her that Strawbridge did not have the photo, but that the Bateses might have the photo, given that they were working with Strawbridge during the relevant time. The customer service representative added, however, that the Bateses "were not reputable and could not be trusted, and things got so bad we had to get involved in a lawsuit."

After this conversation, LaPrade visited her daughter's high school, repeated the statement made by Strawbridge's customer service representative, and asked the office staff why the school would deal with people of such poor character.

The Bateses and Your School Photos, Inc., subsequently filed suit in Franklin County Circuit Court against Strawbridge, alleging a single count of defamation and seeking $74,500 in compensatory damages and $175,000 in punitive damages. Strawbridge removed the case to this court on grounds of diversity and filed a motion to dismiss under Rule 12(b)(6), arguing that the plaintiffs have not stated a claim upon which they may be granted relief.

## Discussion

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," viewing the complaint in the light most favorable to the plaintiff. Erickson,

2

551 U.S. at 94 (citations omitted); see also De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991). Still, the complaint must contain sufficient factual allegations that, when accepted as true, the complaint "state[s] a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). Consequently, a complaint consisting of bare legal conclusions is insufficient to survive a motion to dismiss. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" or if it consists of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

Moreover, where a complaint does contain well-pleaded facts, those facts must permit the court to infer, "draw[ing] on its judicial experience and common sense," "more than the mere possibility of misconduct"; if they do not, "the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950 (citing FED. R. CIV. P. 8(a)(2)). Accordingly, a court that is considering a motion to dismiss may

> choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should

3

assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950.

The plaintiffs' defamation claim proceeds under Virginia law. As the Supreme Court of Virginia has recently explained,

> [A] private individual asserting a claim of defamation first must show that a defendant has published a false factual statement that concerns and harms the plaintiff or the plaintiff's reputation. The plaintiff also must show that the defendant knew that the statement was false or, believing that the statement was true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which the publication was based.

Hyland v. Raytheon Technical Services Co., 670 S.E.2d 746, 750-51 (Va. 2009) (citations omitted).

Strawbridge first argues that the complaint fails to sufficiently allege that the customer service representative's comment was false and that he knew it was false. Of course, truth is not an affirmative defense in a common law defamation action; the plaintiff must allege falsity. Gazette, Inc. v. Harris, 325 S.E.2d 713, 725 (Va. 1985); Scheduled Airlines Traffic Offices, Inc. v. Objective Inc., 180 F.3d 583, 593 (4th Cir. 1999) ("[T]the company would have no actionable claim since it provides no evidence that the statement is false."); Freedlander v. Edens Broadcasting, Inc., 734 F.Supp. 221, 230 (E.D. Va. 1990) ("Based on all of the allegations of the complaint, accepted as true, and all of the pleadings submitted, it appears to the Court to a certainty that the plaintiffs would not be able to prove that the statements were false, and hence defamatory.").

Strawbridge is correct that the complaint nowhere alleges that the statements were false or that they were made with the requisite knowledge of their falsity. The only response the

4

plaintiffs have made to this argument is to point to the allegation that the statements were made "intentionally, purposefully, and without lawful justification." (Compl. ¶ 11.) But despite the plaintiffs' contention that these six words adequately claim that the statements were false and that the declarant knew them to be false or lacked a reasonable belief in their veracity, the court cannot agree. That the terms "without lawful justification" and "false" are not synonymous is rendered obvious from the fact that a statement can be made in violation of legal duties while nonetheless being true. Statements that disclose confidential information, are harassing or threatening, or that violate contractual restrictions on expression, for example, may be illegal notwithstanding the objective veracity of the information disseminated.

And in any event, plaintiffs' reliance solely upon their allegation that the statements were made "without lawful justification" falls flatly afoul of the principle that a complaint cannot survive merely upon rote incantation of illegality. "[A] complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" or if it consists of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). The allegation that Strawbridge's conduct was "without lawful justification" is quintessentially conclusory. Id. Without more, the complaint cannot stand. Id. After all, if, as the plaintiffs argue, it suffices to allege only that a defendant's conduct is "unlawful," then there would be no need to allege any elements of a cause of action at all. As such a proposition is clearly contrary to settled law, the plaintiffs' defamation claim must be dismissed. Id.

## Conclusion

For the foregoing reasons, the court will grant Strawbridge's motion to dismiss the claim against it.[1]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 17th day of May, 2011.

*/s/ John Conrad*
Chief United States District Judge

---

[1] At the hearing on defendant's motion, the court indicated that it believed that the complaint was insufficient as a matter of law. The court indicated that plaintiff would be given the opportunity to amend, or that plaintiff might wish to file a new cause of action seeking to enforce the original settlement agreement. The court is advised that the plaintiff has now filed a new cause of action, which is pending independently of this case.